IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
MAR 29 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ITPE-NMU/MEBA PENSION FUND and )
ITPE-NMU/MEBA ANNUAL BENEFIT )
FUND and ITPE-NMU/MEBA HEALTH )
AND WELFARE FUND, )
)
    Plaintiffs, )
)
v. ) CASE NO. CV99-B-3085-NE
)
H & R SERVICES, INC., )
)
    Defendant. )

ENTERED
APR - 1 2002

## MEMORANDUM OPINION

Currently before the court is the Renewed Motion for Attorneys' Fees and Costs and for Entry of Final Judgment Pursuant to Rule 54, filed on June 1, 2001, by plaintiffs ITPE-NMU/MEBA Pension Fund ("Pension Fund"), ITPE-NMU/MEBA Annual Benefit Fund ("Annual Benefit Fund"), and ITPE-NMU/MEBA Health and Welfare Fund ("Health and Welfare Fund"),[1] the Motion for Attorneys' Fees and Costs and for Entry of Final Judgment Pursuant to Rule 54, filed on April 18, 2001, by the Pension Fund and the Health and Welfare Fund, and the Motion for Dismissal of Remaining Claims, filed by the Annual Benefit Fund on July 2, 2001. Upon consideration of the record, the submissions of the parties, the arguments of counsel and the relevant law, the court is of the opinion that plaintiffs' Renewed Motion for Attorneys' Fees and Costs and for Entry of Final Judgment Pursuant to Rule 54, filed on June 1, 2001, is due to be granted. Thus, the Motion for Attorneys' Fees and Costs and for Entry of Final Judgment Pursuant to Rule 54, filed on April 18, 2001, by the Pension Fund and the Health

---

[1] Collectively, these three funds will be referred to as "plaintiffs" or the "Funds."



and Welfare Fund is moot. Further, the court concludes that the Annual Benefit Fund's Motion for Dismissal of Remaining Claims is due to be granted.

## I. FACTUAL SUMMARY

On November 18, 1999, plaintiffs filed a Complaint against defendant alleging violations of § 502 of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1132, and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. Specifically, plaintiffs alleged that defendant failed to make employee contributions for covered service employees at various military installations, as required by the applicable collective bargaining agreement.

On April 11, 2000, plaintiffs filed a Motion for Summary Judgment on all of the claims asserted in the Complaint. On March 30, 2001, the court granted summary judgment in favor of the Pension Fund and the Health and Welfare Fund and denied summary judgment as to the Annual Benefit Fund.

On April 2, 2001, the Annual Benefit Fund filed a Renewed Motion for Partial Summary Judgment, which the court has granted in a separate Memorandum Opinion and accompanying Order. On July 2, 2001, the Annual Benefit Fund filed a Motion for Dismissal of Remaining Claims.

On April 18, 2001, the Pension Fund and the Health and Welfare Fund filed a Motion for Attorneys' Fees and Costs and for Entry of Final Judgment. After oral argument on this Motion, the court requested that plaintiffs revise their Motion and re-submit it to the court. On June 1, 2001, plaintiffs filed a Renewed Motion for Attorneys' Fees and Costs and for Entry of Final Judgment Pursuant to Rule 54. On June 13, 2001, defendant submitted a response to plaintiffs'

Motion. Defendant's only objection to the renewed Motion was the Annual Benefit Fund's inclusion of time spent in connection with its Motion to Strike. (*See* Defendant's Response in Opposition to Plaintiffs' Renewed Motion for Attorneys' Fees and Costs and for Entry of Final Judgment Pursuant to Rule 54 ("Def.'s Br.") at 1-2.)

## II.   DISCUSSION OF LAW

### A.   Attorneys' Fees and Costs

Plaintiffs seek attorneys' fees and costs for time spent in connection with the successful prosecution of their claims against defendant. Defendant has failed to assert any reason as to why it should not be required to pay reasonable attorneys' fees and costs. Moreover, 29 U.S.C. § 1132(g)(2) mandates that reasonable attorneys' fees "shall" be awarded upon an entry of judgment against a defendant. This section provides:

> (g)  Attorney's fees and costs; awards in actions involving delinquent contributions
> (1)  In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
> (2)  In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court **shall** award the plan –
> (A)  the unpaid contributions,
> (B)  interest on the unpaid contributions,
> (C)  an amount equal to the greater of--
> (i)  interest on the unpaid contributions, or
> (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D)  **reasonable attorney's fees and costs of the action**, to be paid by the defendant, and
> (E)  such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g) (emphasis added). Because the court granted summary judgment in favor of the Health and Welfare Fund and the Pension Fund and partial summary judgment in favor of the Annual Benefit Fund, the court concludes that the Funds are entitled to attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2).

After examining the evidence submitted by plaintiffs in support of their Renewed Motion for Attorneys' Fees and Costs, the court is of the opinion that the rates of the attorneys are equal to or below the rates of attorneys of similar experience in the Northern District of Alabama. Furthermore, the court finds that all time and costs reflected in plaintiffs' evidentiary submission in support of the Renewed Motion for Attorneys' Fees and Costs were reasonably incurred for the successful prosecution of plaintiffs' claims.

Defendant's only objection to plaintiffs' Renewed Motion for Attorneys' Fees and Costs by defendant was that the Annual Benefit Fund submitted a claim for attorneys' fees for time spent in connection with its Motion to Strike. (*See* Def.'s Br. at 1-2.) Defendant contends that because the Annual Benefit Fund requested attorneys' fees in the alternative to its motion to strike, it was not entitled to "double recovery." (*Id.*) This argument misconstrues the nature of the request. If the court denied the Motion for Summary Judgment based on the document which the Annual Benefit Fund sought to strike, the Annual Benefit Fund would have incurred attorneys' fees for which it could not recover under 29 U.S.C. § 1132(g)(2), even if it had eventually prevailed at trial. Thus, it requested those attorneys' fees as sanctions in the event that the court denied the Motion to Strike. The Annual Benefit Fund requests attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2). (*See* Renewed Motion for Attorney's Fees and Costs and for Entry of Final Judgment Pursuant to Rule 54 ("Pls.' Mot.") at ¶ 1.) Because the Annual Benefit

Fund prevailed, it is entitled to attorneys' fees under 29 U.S.C, § 1132(g)(2) for all work reasonably incurred in obtaining judgment, including work performed for the Motion to Strike. Accordingly, defendant's objection is without merit.

Therefore, after reviewing the evidence submitted in support of the Annual Benefit Fund's Motion, the court concludes that the Annual Benefit Fund is entitled to an award of attorneys fees and costs in the amount of $9,064.00, the Health and Welfare Fund is entitled to an award of attorneys fees in the amount of $11,681.50, and the Pension Fund is entitled to an award of attorneys's fees and costs in the amount of $11,681.50.

**B.     The Annual Benefit Fund's Motion to Dismiss Remaining Claims**

On July 2, 2001, the Annual Benefit Fund filed a Motion for Dismissal of Remaining Claims. The Annual Benefit Fund requests that the court dismiss all claims not the subject of its Partial Motion for Summary Judgment.[2] Defendant has stated no objection, and the court sees no just reason why this Motion should not be granted. Accordingly, the court concludes that all claims of the Annual Benefit Fund which were not the subject of its Motion for Partial Summary Judgment are due to be dismissed.

**C.     Motion for Final Judgment**

As noted above, all claims of the Pension Fund have been resolved. The court has previously awarded the Pension Fund $123,767.27 in damages for breach of the collective bargaining agreement and a permanent injunction requiring that defendant (a) make timely

---

[2] The Annual Benefit Fund's Renewed Motion for Partial Summary Judgment only covered the $29,826.37 in contributions, plus interest and liquidated damages, that defendant admitted it did not pay. (Brief in Support of Plaintiff ITPE Annual Benefit Fund's Renewed Motion for Partial Summary Judgment at 2 n.1.) The Motion did not cover the remaining $16,847.04 that defendant alleged it paid directly to the employees.

contributions as set forth in the Agreements and Declarations of Trust; (b) make contributions at the contractually agreed upon rates at all locations; and (c) make contributions at all locations for hours of paid vacation, holidays, and sick leave for its covered service employees. The court has also concluded that the Pension Fund is entitled to $11,681.50 in attorneys' fees and costs. Thus, the court is of the opinion that, there being no just reason for delay, final judgment is due to be entered in favor of the Pension Fund and against defendant in the amount of $135,448.77, and for the aforementioned permanent injunction.

Further, all claims of the Health and Welfare Fund have been resolved. The court has previously awarded the Health and Welfare Fund $265,712.43 in damages for breach of the collective bargaining agreement and a permanent injunction requiring that defendant (a) make timely contributions as set forth in the Agreements and Declarations of Trust; (b) make contributions at the contractually agreed upon rates at all locations; and (c) make contributions at all locations for hours of paid vacation, holidays, and sick leave for its covered service employees. Further, the court has concluded that the Health and Welfare Fund is entitled to $11,681.50 in attorneys' fees and costs. Accordingly, the court is of the opinion that, there being no just reason for delay, final judgment is due to be entered in favor of the Health and Welfare Fund and against defendant in the amount of $277,393.93, and for the aforementioned permanent injunction.

Finally, all of the claims of the Annual Benefit Fund have been resolved. The court awarded the Annual Benefit Fund $46,353.45 in damages for breach of the collective bargaining agreement in a separate Memorandum Opinion and Order. Further, the court has concluded that the Annual Benefit Fund is entitled to $9,064.00 in attorneys fees and costs. All remaining claims are due to be dismissed by the court upon Motion by the Annual Benefit Fund. Therefore,

there being no just reason for delay, the court is of the opinion that final judgment is due to be entered in favor of the Annual Benefit Fund and against defendant in the amount of $55,417.45.

### III. CONCLUSION

The Renewed Motion for Attorneys Fees and Costs and for Entry of Final Judgment Pursuant to Rule 54 filed on June 1, 2001, by the Pension Fund, the Annual Benefit Fund, and the Health and Welfare Fund is due to be granted. The Motion for Attorneys Fees and Costs and for Entry of Final Judgment Pursuant to Rule 54 filed on April 18, 2001, filed by the Pension Fund and the Health and Welfare Fund is moot. The Motion for Dismissal of Remaining Claims filed by the Annual Benefit Fund is due to be granted and all claims not included in the Annual Benefit Fund's Motion for Partial Summary Judgment are due to be dismissed with prejudice.

An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 29th day of March, 2002.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge